UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ERIC MATEER,

                             PLAINTIFF,        **AMENDED COMPLAINT**

             -AGAINST-                        18-CV-576

NEW YORK CITY, POLICE OFFICER JOHN DOE 1,
POLICE OFFICER ANDREA HARO and POLICE
OFFICER JOHN DOE 2, individually, and in their capacity
as members of New York City Police Department

                             DEFENDANTS.

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1. This is a civil action in which Plaintiff, Mr. Eric Mateer ("Mr. Mateer"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about November 1, 2017, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Mateer to *inter alia* excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Mateer, is a citizen of the United States and at all times here relevant resided at 235 Lexington Avenue, Apartment 7, New York, NY 10016.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer John Doe 1 ("PO John Doe 1"), Police Officer Andrea Haro ("PO Haro"), and Police Officer John Doe 2 ("PO John Doe 2") at all times here relevant were members of the NYPD and are sued in their individual and professional capacities.

9. At all times mentioned, Defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Mateer is 30 years old and works as a freelance video producer.

11. On or about November 1, 2017, Mr. Mateer was at a Rite Aid store located at or near 783 Manhattan Ave, Brooklyn, NY 11222.

12. At approximately 5:00 pm, Mr. Mateer left the store without paying for some candy bars and novelty trinkets.

13. Mr. Mateer went to another Rite Aid store, located at or near 723-725 Manhattan Ave, Brooklyn, NY 11222.

14. As Mr. Mateer was leaving the second Rite Aid store, he felt someone grab his elbow from behind.

15. Upon information and belief, PO John Doe 1 grabbed Mr. Mateer's elbow and threw Mr. Mateer to the ground.

16. Mr. Mateer looked up from the ground and saw PO John Doe 1, PO Haro, and PO John Doe 2 standing over him.

17. PO Haro told Mr. Mateer to stop resisting.

18. Mr. Mateer was not resisting.

19. PO John Doe 1 and PO John Doe 2 then hit Mr. Mateer on the head several times with extreme force.

20. PO Haro was standing beside PO John Doe 1 and PO John Doe 2, but did nothing to stop PO John Doe 1 and PO John Doe 2 as they hit Mr. Mateer on the head several times with extreme force.

21. Mr. Mateer was knocked unconscious by the blows.

22. When Mr. Mateer regained consciousness he was woozy and asked for medical attention.

23. The officers denied Mr. Mateer's request for medical attention.

24. Mr. Mateer was taken to the 94th Precinct.

25. Mr. Mateer was held at the precinct for approximately four hours, after which time Mr. Mateer was issued a Desk Appearance Ticket.

26. After Mr. Mateer left the precinct he went to receive medical attention.

27. As a result of this incident, Mr. Mateer suffered, *inter alia*, bruising to the back of his head and a concussion.

28. Mr. Mateer is continuing to receive treatment for his head injuries.

29. Mr. Mateer continues to suffer physically and emotionally from the events of November 1, 2017 including fear, embarrassment, humiliation, emotional distress, frustration, anxiety, loss of liberty and physical pain.

### FIRST CAUSE OF ACTION

(42 USC 1983 – Excessive Use of Force)

30. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

31. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

32. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants used excessive and unreasonable force against Plaintiff.

33. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(Failure to Intervene)

34. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

35. Defendant PO John Doe 1 and PO John Doe 2 violated Plaintiff's constitutional rights by subjecting Plaintiff to the use of excessive force.

36. Defendant PO Haro knew, or should have known, that PO John Doe 1 and PO John Doe 2 was subjecting Plaintiff to the use of excessive force.

37. Defendant PO Haro failed to intervene to prevent PO John Doe 1 and PO John Doe 2 from subjecting Plaintiff to the use of excessive force.

38. Defendant PO Haro had sufficient time to intercede and had the capability to prevent PO John Doe 1 and PO John Doe 2 from subjecting Plaintiff to the use of excessive force and violating Plaintiff's Fourth Amendment rights.

39. Plaintiff has been damaged a result of Defendant PO Haro's actions in an amount believed to equal or exceed the jurisdictional limit of this court

## JURY DEMAND

40. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment against Defendants together with costs and disbursements as follows:

    In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this court for each of Plaintiff's causes of action;

Awarding Plaintiff punitive damages in an amount to be determined by a jury;

Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 28, 2018

By: /s/
Malcolm Anderson (MA 4852)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075